## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 12-0188** (Ohio County 11-F-129)

**Valerie Bumgardner,**
**Defendant Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner, Valerie Bumgardner, by counsel, Angelica Kokiko, appeals from the circuit court's plea and sentencing order entered by the Circuit Court of Ohio County on January 4, 2012. Respondent State of West Virginia, appears by counsel, Andrew Mendelson.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 18, 2011, the Ohio County Prosecuting Attorney filed an Information charging petitioner with one count of financial exploitation of an elderly person between March 1, 2011, and May 31, 2011, and one count of financial exploitation of an elderly person between February 4, 2011, and May 31, 2011. Petitioner pled guilty to both felonies as charged in the Information. Petitioner was sentenced to not less than two nor more than twenty years of incarceration. Petitioner was ordered to make full restitution in the amount of $19,345.

Petitioner argues the circuit court abused its discretion in ordering her to make full restitution in the amount of $19,345 because it is impractical pursuant to *State v. Cummings*, 214 W.Va. 317, 589 S.E.2d 48 (2003), given that she is currently serving a prison sentence, will unlikely be able to secure a suitable job with two felonies, and she may incur a parole violation if restitution is made a condition of her parole. Petitioner argues no evidence was presented that showed petitioner had any assets, earning potential, or other sources in which the circuit court could conclude that there was a reasonable chance that petitioner would be able to pay full restitution in violation of Syllabus Point. 5, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997).

The State argues the circuit court properly utilized its discretion in ordering full restitution after considering the parties' arguments. The State argues W.Va. Code § 61-11A-1 through -8 favors full restitution to victims. The State argues any circumstances about the

1

petitioner's ability to pay are unknown; any argument that full restitution is impractical is speculation.

"The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Applying this standard of review to the instant matter, the Court finds no merit in petitioner's argument.

> Read *in pari materia,* the provisions of W.Va.Code, § 61-11A-1 [1984], W.Va.Code, § 61-11A-4(a) [1984], W.Va.Code, § 61-11A-4(d) [1984], W.Va.Code, § 61-11A-5(a) [1984] and W.Va.Code, § 61-11A-5(d) [1984], establish that at the time of a convicted criminal defendant's sentencing, a circuit court should ordinarily order the defendant to make full restitution to any victims of the crime who have suffered injuries, as defined and permitted by the statute, unless the court determines that ordering such full restitution is impractical.

Syl. Pt. 2, *Id*. Moreover,

> Under W.Va.Code, § 61-11A-1 through -8 and the principles established in our criminal sentencing jurisprudence, the circuit court's discretion in addressing the issue of restitution to crime victims at the time of a criminal defendant's sentencing is to be guided by a presumption in favor of an award of full restitution to victims, unless the circuit court determines by a preponderance of the evidence that full restitution is impractical, after consideration of all of the pertinent circumstances, including the losses of any victims, the financial circumstances of the defendant and the defendant's family, the rehabilitative consequences to the defendant and any victims, and such other factors as the court may consider.

Syl. Pt. 3, *Id*. The law presumptively favors full restitution to victims. However, the defendant in such proceedings has the burden to establish any potential consequences that ordering such restitution may cause. West Virginia Code § 61-11A-5(d) states, in relevant part, that "[t]he burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant." The circuit court based its finding after hearing arguments from both parties. "When restitution is ordered at a criminal defendant's sentencing pursuant to the provisions of W.Va.Code,§ 61-11A-4(a) [1984], the circuit court is not required to spread its findings and conclusions on the record in every case in which full restitution is ordered." Syl. Pt. 6, *Id*. The circuit court based its finding on the amount of restitution after hearing from both parties and the amount in the signed plea agreement.

Based upon a review of the record, it is clear that the circuit court followed the applicable guidelines in determining what restitution was appropriate. As such, it is clear that the circuit court did not abuse its discretion in ordering the specific amount of restitution petitioner owes.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II